## First National Bank of Sterling v. John B. Drew.

1. DRAINAGE—*Special Assessments to Pay Existing Indebtedness.*— A special assessment levied by a drainage district to pay an indebtedness contracted before the assessment was made, is illegal.

2. SAME—*Negotiability of Orders Issued by Drainage Districts—Diligence by Indorsees.*—An indorsee of an order issued by a drainage district, is not entitled to recover of the indorser where he shows no diligence to collect the order when there was money of the district in the treasury to pay it.

Assumpsit, on drainage orders. Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

J. E. McPHERRAN, attorney for appellant.

C. L. SHELDON and H. C. WARD, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This suit is based upon three orders issued by Union District No. 1 of Hume and Prophetstown townships in Whiteside county, upon its treasurer, one dated September 1, 1894, payable to John Drew or order, for $172.02, one dated October 27, 1894, payable to John B. Drew or order, for $500, and one dated October, 1894, payable to John B. Drew, for $492.30, all drawing interest at the rate of seven per cent per annum, payable annually. It appeared from the evidence that the order last above referred to was issued on October 13, 1894. Each of these orders passed into the possession of appellant about the time it was issued.

It appears from the proofs that on October 5, 1893, the

commissioners of the drainage district levied an assessment for $5,073.75, which it was estimated would fully cover the work then contemplated. Of the amount assessed $2,029.50 was to become due February 1, 1894, and $3,044.25 February 1, 1895. After this assessment was made the contracts were let for the work and orders issued in payment for the same and the other expenses of the district. The amount of the work greatly exceeded the original estimate and the total cost amounted to some $12,000. The commissioners having issued orders to the amount of the original assessment, did not stop there, but continued to issue additional orders largely in excess of the assessment. The moneys derived from the original assessment were paid out as collected upon the debts of the district and on August 31, 1895, after the work contemplated was completed, a further assessment of $6,531.33 was made upon the lands in the district to pay the outstanding indebtedness, for the greater part, if not all of which, orders had been issued. Some time thereafter, apparently in the early part of 1898, appellant brought suit upon the orders in question here, and others, against the drainage district, in the Circuit Court of Whiteside County, and was defeated. The case was appealed to this court, where the judgment of the court below' was affirmed. First National Bank v. Union Dist. No. 1, 82 Ill. App. 626. Appellant then brought suit against appellee, Drew, upon these orders, in assumpsit, filing the common counts. The general issue was pleaded and the parties stipulated that under that plea defendant could offer everything competent, as though specially pleaded. A jury was waived and there was a finding and judgment in favor of appellee.

The grounds upon which the bank claims the right to recover is that it bought these orders of appellee and paid him in money therefor; that there was either an original contract or an implied warranty that the orders were valid instruments of the character they appeared by their face to be; that in fact they were not what they purported to be but were void, and that therefore appellant, the vendee, can

recover back what it paid therefor. This rule, if applicable at all, could not apply to the order of September 1, 1894, for $172.02, for the reason that the proof shows that Drew did not sell it to the bank or receive anything from the bank for it. He sold it to Zene Wait, and the bank bought it from Wait or some person other than Drew. The same conditions, however, do not surround the other two orders, as they appear to have been transferred directly by Drew to appellant.

It is contended by appellant, this court, in the case of First National Bank v. Union District No. 1, *supra*, decided that the orders in question here were void. The question of the validity of the orders as originally issued was not, however, considered in that case, and no opinion was expressed upon that subject. What the case decided, was, that the special assessment of 1895 was illegal, because it was levied to pay an indebtedness contracted before the assessment was made. Had the orders been presented to the treasurer for payment at any time when funds derived from the assessment of 1893 were in his hands, they would have been valid orders against such fund, and would no doubt have been paid by him. The reason why they were not paid was because orders were issued largely in excess of the valid assessment of 1893, and these were not presented for payment until after that fund was exhausted. Appellant apparently did nothing to collect the orders until it heard there was trouble concerning them and then it was too late. Appellee testified that on June 22, 1895, he saw Mr. McKenney, appellant's assistant cashier, and advised him of danger concerning the orders and urged him to present them for payment; that McKenney said, " I don't know what you have got to do with it, you have got your money." John Gaffey testified that he went to the bank with appellee and heard him speak to McKenney about cashing the orders. McKenney does not deny that he was warned by appellee to cash his orders, but says that he does not remember any such conversation.

It further appears that at the time appellee says he gave

the notice to the bank there was money in the hands of the treasurer of the district sufficient in amount to have paid these orders, although nearly all of it was soon afterward paid out on other orders, part of it being paid to Drew himself. Under the circumstances of the case as shown by the proofs appellant was not in law entitled to recover upon the theory relied upon by it as above cited.

It is not claimed by appellant that these orders were negotiable in the same way that ordinary commercial paper is negotiable, but it is insisted that they are negotiable in the sense that the indorsement of them binds the party as an indorser. Even if this were so, however, and a recovery for such liability could be had under the common counts, the proof does not make a case for recovery against an indorser, for the reason that no diligence was shown upon the part of appellant to collect the orders when it appears that there was money in the treasury to pay them.

We are of opinion the court below decided the case correctly and the judgment is therefore affirmed.